# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

No. 98-11265
Summary Calendar
_____

MARY JEWELL,

Plaintiff-Appellant,

VERSUS

DALLAS INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-3287-AH)
_____

July 14, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Mary Jewell sued the Dallas Independent School District ("DISD") pursuant to 42 U.S.C. § 1983, alleging that she had been terminated because of protected speech activity under the First Amendment. Jewell further alleged that DISD denied her procedural and substantive due process in violation of the Fourteenth Amendment, and that DISD breached her three-year employment agreement in the manner in which it terminated her. The matter was tried to a jury beginning in September 1998. At the conclusion of Jewell's case in chief, DISD moved for a dismissal of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

all of Jewell's claims pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. The Magistrate Judge, sitting as the district court, granted the motion as to all of Jewell's federal claims, but denied it as to her breach of employment agreement claim. The jury returned a verdict for DISD on the breach of employment agreement claim. The district court subsequently entered judgment in favor of DISD. Jewell filed a Rule 59 motion to amend judgment or for a new trial, which the district court denied. This appeal followed.

A trial court's decision to grant a motion for judgment as a matter of law is reviewed de novo, applying the same legal standard that the district court used. Ikerd v. Blair, 101 F.3d 430, 432 (5th Cir. 1996). Judgment as a matter of law is proper if a party has been fully heard by a jury on a given issue, and "there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue." Fed. R. Civ. P. 50(a). In making this determination, the evidence is to be viewed in the light most favorable to the non-movant, and any reasonable inferences are to be drawn in her favor. Ikerd, 101 F.3d at 432. The denial of a Rule 59 motion to alter or amend judgment is reviewed for abuse of discretion. St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997). Such an abuse of discretion has occurred only if, viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes "that reasonable men could not arrive at a contrary" conclusion. Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969) (en banc).

2

Following a review of the record and the briefs, we conclude that the district court did not err in granting DISD's motion for judgment as a matter of law. No reasonable jury could have found in favor of Jewell on her federal claims. Likewise, we find that the district court did not abuse its discretion in denying Jewell's motion to amend judgment or for a new trial. The evidence was adequate for a reasonable jury to find in favor of DISD.

AFFIRMED.